The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| PAUL D. ELLIS, | ) | CASE NO. 09-64871 |
| | ) | |
| Debtor. | ) | ADV. NO. 10-6015 |
| NORMA MILLS, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PAUL D. ELLIS, JR., | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| Defendant. | ) | |
| | ) | |

On May 26, 2010, defendant Paul D. Ellis, Jr, *pro se*, filed a motion to dismiss this adversary proceeding, alleging a lack of service. The court entered a briefing schedule on issues it raised *sua sponte* following review of the pleadings. Plaintiff responded to the motion to dismiss and filed a brief in response to the court's briefing schedule. Defendant also filed a brief in response to the court's request, which Plaintiff moved to strike. These pleadings are now before the court.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is

1

proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On November 23, 2009, Debtor Paul D. Ellis, Jr. filed a chapter 7 bankruptcy petition *pro se*. Prior to commencement of the bankruptcy case, on November 10, 2010, Plaintiff Norma Mills (hereafter "Plaintiff") filed a civil complaint against Debtor in the Stark County Court of Common Pleas. The state court complaint contained several counts arising from a home remodeling project contract between the parties dated March 20, 2009. The counts include: breach of contract, fraud, negligence, breach of warranties, violations of the Ohio Consumer Sales Practices Act, an action to quiet title, and violations of the Home Solicitation Sales Act. When the case was filed, Plaintiff was not listed as a creditor on Debtor's schedules. On December 1, 2009, Debtor filed a Notice of Bankruptcy in the state court case. Subsequently, Debtor filed amended schedules[1] and included Plaintiff as a creditor. Notice of the amended schedules was electronically sent to counsel for Plaintiff on February 22, 2010 via the court's CM/ECF system. Debtor obtained a discharge on April 16, 2010.

The deadline to oppose dischargeability was March 22, 2010. On February 19, 2010, Plaintiff initiated this adversary proceeding with the filing of a notice of removal of the state court action to the bankruptcy court. Debtor filed an answer on May 25, 2010, followed by a motion to dismiss on May 26, 2010. Plaintiff belatedly filed a response to Debtor's motion to dismiss on June 22, 2010 (exhibits were filed on June 23, 2010).

Following a review of the initial pleadings, the court issued a briefing schedule and specifically directed Plaintiff to address the effect of the discharge on the removed action. The court noted that the removed action did not contain any allegations of nondischargeability. The court questioned whether the debt owing Plaintiff was therefore discharged. Plaintiff complied with the filing of a brief on July 2, 2010. Debtor's brief was filed on July 16, 2010.

## LAW AND ANALYSIS

I.  **Debtor's Motion to Dismiss**

Debtor filed a motion to dismiss the removal action, alleging "insufficient service of process." In his answer, Debtor states "I received the Notice of Removal by mail from my bankruptcy attorney on May 7th, 2010." (Debtor's M. Dism., p. 1). In response to the motion,

---

[1] At this point, Debtor was represented by bankruptcy counsel.

2

Plaintiff argues that service was properly effectuated and Debtor submitted to the jurisdiction of the court by virtue of his answer filed on May 25, 2010.

Although not referenced, it appears that Debtor's motion to dismiss is made under Federal Rule of Bankruptcy Procedure 7012(b)(5). "Rule 12(b)(5) is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Amway Asia Pacific, Ltd. v. Those Certain Underwriters at Lloyd's, London Who Subscribed to Directors, Officers and Co. Liability Ins. Policy No. 509/QB319199, 2008 WL 4740410 *2 (W.D. Mich. 2008) (unpublished) (citing Procter & Gamble Cellulose Co. v. Viskoza-Loznica, 33 F.Supp.2d 644, 664 & n. 23 (W.D.Tenn.1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (2d ed.1990)). The actual issue raised by Debtor does not concern service of process, however, but focuses on service of the notice of removal. Generally, when notice of removal is not promptly provided, the remedy is remand, not dismissal. See Alpena Power Co. v. Utility Workers Union of America, 674 F.Supp 1286, 1287 (E.D. Mich. 1987) ("Courts . . . have uniformly recognized that failure to provide 'prompt' notice is a proper basis for remand.") (citing Rubio v. Allegheny Int'l, Inc., 659 F.Supp. 62, 63 (S.D.Fla.1987) (citing collected cases); see also 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3736 (2d ed. 1985) ("remand may be ordered when there is an undue delay in giving notice")). At most, it appears that if Debtor is correct, the appropriate action is to remand the case, not dismiss it.

Upon review of the record, it appears that Debtor's claim that the notice was not promptly served is valid. Nothing in the record shows that Plaintiff served the Notice of Removal, filed in this court on February 19, 2010, to any parties. Federal Rule of Bankruptcy Procedure 9027(b) requires "[p]romptly after filing the notice of removal, the party filing the notice shall serve a copy of it on all parties to the removed claim or cause of action." Additionally, the court's Initial Pretrial and Case Management Order ("pretrial order") requires the plaintiff to serve a copy of the pretrial order on each defendant and advises "[c]ounsel must monitor service of process upon adverse parties and verify returns." There is no proof of service of the Notice of Removal or pretrial order. Certificates of service are required filing under Federal Rule of Bankruptcy Procedure 7005, which incorporates Federal Rule of Civil Procedure 5 into bankruptcy practice. Specifically, Rule 5(d)(1) sets forth the requirement for certificates of service, which Plaintiff did not meet.

On February 26, 2010, Plaintiff filed a "Notice of Filing of Notice of Removal Under 28 USC sec. 1452 (A) and Rule 9027 of the Federal Rules of Bankruptcy Procedure" in the state court case (hereafter "state court notice"). (Plaintiff's Resp. to M. Dism., Exh. D.) A certificate of service is appended to this pleading indicating service to Debtor's bankruptcy counsel on February 26, 2010. The state court notice is not identical to the Notice of Removal filed in this court. This appears counter to Rule 9027(c), which states that after the notice of removal is filed in the bankruptcy court, "the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed." This suggests an identical pleading is

3

to be filed in both courts, but this was not done.[2] As a result, there is no proof that the notice of removal filed with this court, and which complied with Rule 9027(a), was served upon any party. Clearly, this is a defect under Rule 9027(b).

Plaintiff alleges that she properly served the complaint and summons on Debtor. These arguments are irrelevant to the question of service of the Notice of Removal. When the notice of removal was filed, and the complaint removed to this court, Defendant was entitled to notice of the removal. Service of the notice of removal alerts parties in the removed case to the change of court, as well as starts the clock for filing a motion to remand or to respond to the complaint if time remains to do so. It is immaterial that Debtor knew of the state court case, or admitted to receiving service of the state court complaint while it was pending in state court. Once a case is removed, parties are entitled to notice of the removal, and there is no proof of this on the docket, contrary to Plaintiff's contentions.

Plaintiff would have the court conclude that this is specious because Debtor admits he received a copy of the removal action from his bankruptcy attorney on or about May 25, 2010 and thereafter filed an answer. According to Plaintiff, by filing an answer before filing a motion to dismiss, Debtor consented to the court's jurisdiction and is precluded from arguing for dismissal for insufficiency of service under a "first defensive move." *See, e.g.,* Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978) (citing 5 Wright & Miller, Federal Practice & Procedure: Civil § 1391 at 855 (1969)). The court does not need to address this argument for two reasons: (1) receipt of the notice of removal on May 25, 2010 was not prompt under Rule 9027(b), and (2) dismissal is not the appropriate remedy for failing to promptly serve the notice of removal.

The failure to properly serve the Notice of Removal results in remand of the case to the state court.

## II. Plaintiff's Brief in Response to the Court's Inquiry re: Discharge

In its order dated June 18, 2010, the court required Plaintiff to address the impact of the discharge on this adversary proceeding. Plaintiff responded on July 16, 2010. Plaintiff correctly states that she was not included in the schedules and matrix filed on November 23, 2009. Plaintiff also claims "she never received any notice from the court or Defendant stating that she had been included in the bankruptcy as a creditor . . . ." (Plaintiff's Brief, p. 3). However, it is clear that Plaintiff had notice of the bankruptcy well before the amended schedules were filed which did include her as a creditor.

---

[2] This is not the only technical problem noted by the court. Rule 9027(a)(1) requires that the notice of removal be accompanied by "a copy of all process and pleadings." Comparing the pleadings filed with the Notice of Removal to the pleadings contained in support of Plaintiff's response to the motion to dismiss, it is apparent not all items from the state court were filed with this court.

4

First, a notice of bankruptcy was filed in the state court case on December 1, 2009. The certificate of service included in the notice certifies that Plaintiff's counsel was served with the notice on or about December 1, 2009. (Plaintiff's Resp. to M. Dism, Exh. C). Further, Plaintiff admits that she participated in the first meeting of creditors on January 19, 2010. (Plaintiff's Resp. to M. Dism., p. 2). Third, Plaintiff filed the Notice of Removal on February 19, 2010, well before the March 22, 2010 deadline to oppose discharge/dischargeability. Fourth, Plaintiff's counsel received notice of the amended schedules on February 22, 2010 via the court's CM/ECF system. Actual notice can supplant formal notice. *See* Harper v. Burrier (In re Burrier), 184 B.R. 32 (Bankr. N.D. Ohio 1995) (citing Lompa v. Price (In re Price), 871 F.2d 97 (9th Cir. 1989); Yukon Self Storage Fund v. Green (In re Green), 876 F.2d 854 (10th Cir. 1989); Byrd v. Alton (In re Alton), 837 F.2d 457 (11th Cir. 1988)). 11 U.S.C. § 523(a)(3) directly addresses a situation where a creditor has actual notice of a bankruptcy case. Under that provision, a discharge will not apply to debts

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time To permit--
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

*See also* Pavlik v. Burdel (In re Burdel), 126 B.R. 278, 279-80 (Bankr. N.D. Ohio 1991) (finding "overwhelming majority of Courts have denied the request to file a complaint to determine the dischargeability of a debt, after the deadline, where the creditor had notice of the pending bankruptcy proceeding" (citations omitted)); Young v. Martin (In re Young), 33 B.R 533, 534 (Bankr. N.D. Ohio 1983) (stating "a creditor, who has actual knowledge of his debtor's bankruptcy proceeding and has had sufficient time within which to file a proof of claim and complaint for a determination of dischargeability, has the obligation to protect his claim be filing the required papers"). Plaintiff received actual knowledge of the bankruptcy filing in time to adequately protect her interests.

Turning to the removal action, Plaintiff argues that Debtor had notice of her intent to oppose dischargeability. Plaintiff posits "[t]he clerk duly noted that the nature of the suit included dischargeability under Fraud, False Pretenses, Actual Fraud and discharge ability [sic] under Willful and Malicious Injury." (Plaintiff's Brief, p. 3). Frankly, the court is in the dark as to what Plaintiff references. There are no such indications on the docket. Further, Plaintiff would have made any designations about the nature of the complaint when **she** filed the Notice of Removal with the court, not the clerk. Finally, if factually true, there is no law to support the conclusion drawn by Plaintiff.

Plaintiff next contends that the language of the complaint, including use of the terms fraud, provided notice of the intent to contest dischargeability. In conjunction, Plaintiff supports an expansive interpretation of the complaint. As support, Plaintiff cites cases which allow certain procedural defects, specifically the filing of a complaint in the main case instead of initiation of an adversary proceeding, to be cured based on the fact the deadline to object is not jurisdictional. *See, e.g.,* Nardei v. Maughan (In re Maughan), 340 F.3d 337 (6th Cir. 2004); Popa v. Calinoiu (In re Calinoiu), 431 B.R. 121 (Bankr. W.D. Penn. 2010); In re Rutherford, 427 B.R. 656 (Bankr. S.D. Ohio 2010). The court interprets Plaintiff's argument to be as follows: the adversary proceeding was timely filed and it contains references to causes of action which could serve as the basis for nondischargeability, and the court should exercise its equitable powers to allow the complaint to be heard on the merits.

This is not an issue about a deadline and the cases cited by Plaintiff are not on point. Most of the cases cited by Plaintiff deal with protecting the deadline for objecting to dischargeability. Here, the complaint was timely filed. The issue concerns the nature and substance of the complaint. Plaintiff took a vanilla civil contract case and removed it to bankruptcy court. Removal merely changed the forum. The complaint filed in state court contained no allegations of nondischargeability. The removal did not magically alter the nature of the claims or the relief sought in the complaint.

Here, the removal action was timely filed and there is no question about the court's jurisdiction of the adversary proceeding. The notice of removal did not provide any additional support for Plaintiff's contention that dischargeability was contemplated. Per paragraph five of the Notice of removal:

> The Civil Action is a civil proceeding related to the Chapter 7 Case. The bankruptcy court presiding over the Chapter 7 case, pursuant to the general reference with respect to title 11 cases in effect in the Northern District of Ohio, Eastern Division and 28 USC section 157(a), has jurisdiction of each and every cause of action asserted in the Civil Action under 28 USC section 1334. The Civil Action involves causes of action alleging breach of contract, negligence, fraud, violations of the

>Ohio Consumer Sales Practices Act (ORC sec. 1345.01 et seq), violations of the Home Solicitation Sales Act (ORC sec. 1345.21 et seq), breach of warranty, quiet title attempting to extinguish a mechanic's lien placed on Norma Mills real property by Debtor, and specific performance of a contract. All such claims and causes of action have a clear and direct impact on the property of the estate under 11 USC section 541. Resolution of the claims asserted in the Civil Action will significantly affect the administration of the estate and would involve the allowance or disallowance of claims against the estates, [sic] and proceedings affecting the liquidation of assets of the estates and the adjustment of the debtor-creditor relationship and the equity security holder relationship. All such proceedings are core proceedings under 28 USC section 157(b)(2)(A), (B), (C), (E), and (O).

(Plaintiff's Notice of Removal, ¶ 5). The very specific language in the notice of removal puts everything in the mixing bowl except nondischargeability. Not only is nondischargeability not alleged, but Plaintiff did not include a citation for nondischargeability complaints as core proceedings. 11 U.S.C. § 157(b)(2)(I).

The court cannot construe the complaint or the notice of removal to provide notice that Plaintiff was objecting to the dischargeability of debts. Seeking to have debts declared nondischargeable is not the sole purpose of a removal action. *See* Wood v. Jasperson (In re Jasperson), 116 B.R. 740, 745 (Bankr. S.D. Cal. 1990) ("There are other reasons for removal such as confirming the amount of the claim, obtaining a priority status, and subjecting litigation to a speedier forum."). The distinction between removal actions and actions challenging dischargeability is noted in multiple cases. *See, e.g.,* id., KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman), 223 B.R. 707, 709 (Bankr. W.D. Ark. 1998) ("To relate unfiled section 523 and section 727 causes of action to a state-law action . . . does not comport with the Bankruptcy code, the rules, nor their policies . . . ."); Schmidt v. Goscicki (In re Goscicki), 1998 WL 741180 * 1 (9th Cir. 1998) (unpublished) ("Schmidt's 'Application to Remove' her pending state court litigation . . . did not excuse her from the requirement of filing a timely complaint to determine dischargeability under 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c)."). The substance of the removed action was not one of dischargeability and nothing in the notice of removal provided notice of Plaintiff's attempt to contest discharge of the debts allegedly owed her.

Plaintiff's arguments suggest that since the court and Debtor now know she intended to object to the dischargeability of debts, the court has the equitable power to allow an amendment, or similar action, to relate back to the filing of the removal action so that a nondischargeability complaint can be deemed to have been timely filed. The court specifically denies understanding

7

what Plaintiff intended. The court disagrees further that this is an appropriate, or permissible, use of its equitable powers. The line of cases cited by Plaintiff primarily involve situations where a party filed a document with a clear intention to object to discharge or dischargeability, but was procedurally deficient. There is no procedural deficiency involved here. The problem is substantive and the court will not cure a substantive defect, especially in light of the clear absence of any challenge to dischargeability in the face of the specificity in the Notice of Removal.

Finally, Plaintiff moves the court to vacate Debtor's discharge. She cites Rule 60(b) generally, incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 9024. Even if the discharge was vacated, Plaintiff is left in the same situation: she did not timely filed a complaint to object to the dischargeability of debts owed her. Plaintiff states "[t]he court did not take into consideration that the complaint removed to this action from the Stark County Court of Common Pleas was filed in a timely fashion and contained several allegations of fraud and willful conduct." (Plaintiff's Brief, p. 19). Although it may be true, the court did not take it into consideration because there was no dischargeability complaint pending at the time Debtor became eligible for the discharge. What was pending was a complaint alleging various civil causes of action. That complaint was not sufficient to prevent entry of the discharge, was not sufficient to put parties on notice that a challenge to dischargeability was intended, and the deadline has passed for contesting dischargeability. As a result, there is no reason to vacate the discharge. The court finds that any debts owed Plaintiff in the action removed to this court were covered by Debtor's discharge.

## III. Plaintiff's Motion to Strike Debtor's Brief filed July 20, 2010

Plaintiff moves to strike Debtor's brief filed on July 20, 2010 for several reasons, including a lack of responsiveness to the issues at hand. The motion will be denied. To the extent Debtor's brief is not germane to the issues presented, it was not considered.

## CONCLUSION

Following Debtor's bankruptcy filing, Plaintiff removed a state court action to the bankruptcy court. There is no proof that the Notice of Removal was served on the parties pursuant to Rule 9027(b). This failure in service is not grounds for dismissal, but is grounds for remand. Plaintiff failed to timely contest the dischargeability of debts and, as a result, any debts owing her were discharged by the discharge order entered on April 16, 2010. Plaintiff had actual notice of the bankruptcy case in time to file a complaint objecting to discharge. The complaint removed to the bankruptcy court did not contest dischargeability and reasonably cannot be construed to raise that issue. Consequently, Debtor's discharge covers the causes of action set forth in the complaint, except that which does not seek an affirmative recovery and only requests removal of a mechanic's lien and quieting title. The complaint will be remanded to resolve this limited issue.

An order in accordance with this opinion will be issued forthwith.

# # #

**Service List:**

Paul D. Ellis, Jr.
5421 Villa Padova Drive, N.W.
Canton, OH 44718

David A. Keith
THE KEITH LAW OFFICE
1650 S. Arlington Rd.
Suite 3
Akron, OH 44306

David A Van Gaasbeek
1303 W Maple St
#104
North Canton, OH 44720

9

10-06015-rk    Doc 30    FILED 08/12/10    ENTERED 08/12/10 11:38:17    Page 9 of 9